

Melvin T. Sharpe, Defendant Pro-Se
c/o 5924 North 13th Street
Philadelphia, PA 19141

**UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| V. | : | CASE NO. 15-CV-05369 |
| | : | |
| **MELVIN T. SHARRPE** | : | |
| **5924 North 13th Street** | : | JUAN R. SANCHEZ, JUDGE |
| **Philadelphia, PA 19141** | : | |
| **Defendant** | : | |

**DEFENDANT'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND ORDER OF THE COURT**

Defendant Melvin T. Sharpe denies that Summary Judgment is proper and demands that Plaintiff's Motion be denied, as follows:

Defendant was not served Plaintiff's Summary Judgment Motion but Defendant received the Judge's October 31, 2016 Order, giving Defendant to November 14, 2016 to respond which Defendant does by Response herein and Defendant disputes the October 31, 2016 Order conclusions, and related decided prior Court Orders in this case, which the Defendant never received, and would've objected to, and disputed, in writing, like June 27, 2016's Court Order dismissing Defendant's Counterclaim without a mail notice copy and Defendant isn't on the electronic filing system and didn't get mail Notice.

Defendant's evidence shows issues of material fact exist and genuine issues of material facts are still in dispute, negating a summary judgment motion, and requiring court hearing. Anderson v.

<u>Liberty Lobby, Inc.</u>, 477 US 242(1986) Evidence of a genuine issue of material fact must be colorable and probative, and herein both tests are met as Defendant's evidence and arguments prove genuine and material by <u>Anderson</u> supra at 247-250 and affect the outcome.

Defendant claimed jurisdiction is at issue and the Defendant disputed the validity of the claimed debt from inception, and was never given factual evidence of dates, loan amounts or records as requested and Defendant's request for loan records was denied and conflicts with other loans due, like an Ohio State U. loan, which is in collection with the State of Ohio that may be consolidated. A copy of that loan collection letter is attached as Exhibit "A".

Defendant Melvin T. Sharpe filed an Answer to the Plaintiff's Complaint in this student loan default case, admitting to certain material allegations, but denying the note in Paragraph 1, denied residence in Paragraph 2, admitted in part he executed a student loan note as herein described but Plaintiff failed to produce it, in Paragraph 3, denied the "Certificate of Indebtedness" with no note attached at Exhibit "B", denied the amount due is correct as stated in Paragraph 4 because Defendant doesn't know what is due, and Plaintiff has failed to provide evidence except the 2000 Note obtained by duress, and interest rate is excessive, usurious from Plaintiff compared to the claimed debt and the government refused to offer consumer relief options, like forgiveness, to Defendant. Defendant's Counterclaim was dismissed, unbeknownst to Defendant.

Defendant adopts, and incorporates by reference, under F.R.C.P. 7(b)(2) its Amended Answer and New Matter without a Counterclaim.

    Defendant represents herein, and in Amended Answer responses that genuine issues of material fact about amounts are in dispute since Defendant's knowledge of the underlying claims consolidated was limited, and Plaintiff never provided requested loan records. Defendant has been harmed by Plaintiff's failure to give proof as Court grant of F.R.C.P. 12(b) Motion to Dismiss Counterclaim that wasn't sent to nor served on Defendant, precluded Defendant being able to respond consistent with his Answer to Plaintiff evidence. Defendant herein, reiterates, that Plaintiff's pleadings fail to provide enough specific information of Defendant loan account, to support entry of summary judgment when genuine issues remain open as to material facts in dispute, involving Plaintiff's unofficial proof on Certificate of Indebtedness based on a student loan note allegedly signed by Defendant in 2000 about 1970s or 1980s loans, when the Defendant was academically in college full time, which Plaintiff's Loan Analyst Lori Moore's documents, did not specify. Defendant should be able to cross-examine Loan Analyst Ms. Moore. Plaintiff has refused to verify and give proof or evidence of its underlying loan claims, which claims Defendant disputes and needs to confirm, and compare, against prior loan payments and offsets. Defendant does not know which loan claims, which years or amounts were consolidated to produce the amounts claimed by Plaintiff, or

if any errors in calculations were made, and Plaintiff refuses to provide underlying proof of its claim, originals or copies of its financial records requested on Exhibit "C", in pleadings, and in requested discovery Defendant never received back from Plaintiff.

Defendant admits a principal repayment is due, but disputes $33,208.03 principal stated on Exhibit "C" and $28,707.50 claimed interest, and Defendant has the right to know what was charged in 2000 and how and disputes Plaintiff's Certificate of Indebtedness as not a legal, official financial business record, not original, and Defendant disputes liability amounts claimed, and interest.

Defendant contends that summary judgment isn't warranted and trial of this matter is important for purposes of the record, and to ensure that the sums claimed due, are actually due, and owing, and Defendant is being denied of his day in Court, because he was not properly informed, and not given proof of claims against him, and under F.R.C.P. 56(c), Defendant files a supporting Affidavit, on personal knowledge, in good faith, with no intention to delay.

WHEREFORE, Defendant demands that Summary Judgment be denied as a matter of law, because genuine issues of material fact still remain in dispute as to liability, and the amount of damages due.

Respectfully,

*/s/ Melvin T. Sharpe/*

Melvin T. Sharpe, Pro-Se

**AFFIDAVIT OF FACTS UNDER FEDERAL RULE OF CIVIL PROCEDURE 56(c)**

COMMONWEALTH OF PA    :
                     :
Philadelphia County  :

I Melvin T. Sharpe, Jr. being duly sworn according to law depose and state that I am the rightful Defendant in this action, a U.S. citizen and Pennsylvania resident I'm qualified to make this, my Affidavit on my behalf as the borrower, who receives mail at 5924 North 13th Street property my late father, Melvin T. Sharp, owned but his decedent estate is in the process of administration, and I do not live at the property as of yet, pending Court Order, and my statements herein set forth are true, and correct, to the best best of my knowledge, information, and belief, according to law.

Defendant is competent to testify about his loan Note, that Defendant made payments on, in good faith, and Plaintiff has not produced the Note, but substituted a Certificate of Indebtedness, which Defendant disputes, and Defendant can only confirm the true amounts by the underlying documents, which Plaintiff utilized to generate the Certificate, and this genuine issue of material fact remains in dispute, and is a matter for determination at a trial.

                                          Melvin T. Sharpe, Defendant
                                          Student Loan Borrower

Sworn and Subscribed before me

this 14th day of November, 2016.

_Salim Amad_                                 Nov 14 2016
PA NOTARY PUBLIC - My Commission Expires

State of Pennsylvania
County of PHILADELPHIA

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
SALIM AMIR ALI, Notary Public
City of Philadelphia, Phila. County
My Commission Expires March 24, 2017

UNITED COLLECTION BUREAU, INC.
PO BOX 165009
COLUMBUS OH 43216-5009

888-461-8803                                                         February 4, 2015

MELVIN T SHARPE JR
2836 W HAROLD ST APT B1864
PHILADELPHIA PA 19132-3118

| | |
|---|---|
| Creditor: | Attorney General of Ohio |
| Regarding: | OHIO STAT UNIV STUDENT LOAN |
| UCB Account Number: | 43109698 |
| AGO Account Number: | 11251389 |
| Current Account Balance: | $7250.83 |

Your federal student loan is in default and has been placed by the Attorney General of Ohio with our office for collection. You may be eligible for a Federal Student Loan Consolidation. According to the U.S. Department of Education website (http://www.studentloans.gov), Loan Consolidation Program benefits include:

* Ability to combine multiple Federal student loans into one.
* Removal of this account from Default Status.
* Eligibility for multiple plans to repay including an Income Contingent Repayment Plan.
* Regain Deferment/Forbearance options.

Please contact our office for more information at 888-461-8803.

Hours of operation:
Monday – Thursday:   8:00 am to 9:00 pm
Friday:              8:00 am to 5:00 pm

United Collection Bureau, Inc. is in no way affiliated with or acting on behalf of the United States Government or the Office of the U.S. Department of Education.

Sincerely,

United Collection Bureau, Inc.

This is an attempt to collect a debt by United Collection Bureau, Inc., a debt collector, and any information obtained will be used for that purpose.

---

PO BOX 165009
COLUMBUS OH 43216-5009
ADDRESS SERVICE REQUESTED

Creditor: Attorney General of Ohio
Regarding: OHIO STAT UNIV STUDENT LOAN
AGO Account Number:   11251389
Current Account Balance:   $7250.83

REMIT TO:

Exhibit "A"

## U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS #1 OF 1

Melvin T. Sharpe
5924 N. 13th Street
Philadelphia, PA 19141-3222
Account No. XXXXX1067

I certify that U.S. Department of Education records show that the BORROWER named above is indebted to the United States in the amount stated below plus additional interest as of 09/04/2015.

On or about 08/08/2000, the BORROWER executed a promissory note to secure a Direct Consolidation loan from the U.S. Department of Education. This loan was disbursed for $29,062.04 on 08/31/2000 at 7.00% interest per annum. The loan was made by the Department under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087a et seq. (34 C.F.R. Part 685). The Department demanded payment according to the terms of the note, and the BORROWER defaulted on the obligation on 01/09/2004. Pursuant to 34 C.F.R. § 685.202(b), a total of $4,145.99 in unpaid interest was capitalized and added to the principal balance.

The Department has credited a total of $1,523.83 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the BORROWER now owes the United States the following:

| | |
|---|---|
| Principal: | $33,208.03 |
| Interest: | $28,707.50 |
| Total debt as of 09/04/2015: | $61,915.53 |

Interest accrues on the principal shown here at the rate of $6.36 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9/10/15

Lori Moore
Loan Analyst
Litigation Support Unit

Exhibit "B"

| Borrower's Name | Melvin | T | Sharpe | | | 28 | |
|---|---|---|---|---|---|---|---|
| Borrower's Social Security Number | | | | | | | |

**Education Loan Indebtedness** (See instructions before completing this section.)

| 25. Loan Holder/Servicer's Name, Address, and Area Code/ Telephone Number | 26. Loan Type | 27. B=Borrower S=Spouse J=Joint | 28. Account Number | 29. Current Balance | 30. To Be Consolidated? Yes | No |
|---|---|---|---|---|---|---|
| DCS- US Department of Education<br>P.O. Box 4169<br>Greenville, TX, 75403-4169<br>800   621 - 3115 | A ? | B | G200004000681901 | 8437.08 | Y | |
| DCS- US Department of Education<br>P.O. Box 4169<br>Greenville, TX, 75403-4169<br>800   621 - 3115 | A | B | G200004000682002 | 10075.10 | Y | |
| DCS- US Department of Education<br>P.O. Box 4169<br>Greenville, TX, 75403-4169<br>800   621 - 3115 | A | B | G200004000682103 | 8224.52 | Y | |
| DCS- US Department of Education<br>P.O. Box 4169<br>Greenville, TX, 75403-4169<br>800   621 - 3115 | A | B | G200004000682204 | 2373.53 | Y | |

RECEIVED AUG 17 2000

Page 2
Exhibit "C"

## CERTIFICATION OF SERVICE

I, __Melvin T. Sharpe__, hereby certify that a true and correct copy of the foregoing Motion/Petition and accompanying papers, was served on the below listed addresses by First-Class United States mail, postage pre-paid on __November 14, 2016__ (date):

Name: _____ KML Law Group, P.C. - Thomas I. Puleo, Esq
701 Market Street, Ste. 5000, Phila. PA 19106
Address: _____ 215-825-6309, TPuleo@kmllawgroup.com

Address: _____

City, State, Zip Code: _____


Name: _____

Address: _____

Address: _____

City, State, Zip Code: _____


Name: _____

Address: _____

Address: _____

City, State, Zip Code: _____


Date: __Nov. 14, 2016__                By: __[signature]__

UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | FIRST DISTRICT |
| | : | |
| V. | : | NO. 15-CV-05369 |
| | : | |
| MELVIN T. SHARRPE | : | |
| | : | JUAN R. SANCHEZ, JUDGE |

### ORDER

AND NOW, this \_\_ day of _____, 2016 upon consideration of Defendant Melvin T. Sharpe's Response, and Plaintiff's Motion for Summary Judgment, it is hereby ORDERED and DECREED that the Plaintiff's Motion for Summary Judgment, be denied, as follows:

By the Court:

_____
Juan R. Sanchez, Judge
United States District Court